IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DANNY L. TRIVITT                                                                                    PLAINTIFF

V.                          NO. 15-3020

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Danny L. Trivitt, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on September 25, 2012, alleging an inability to work since September 19, 2011, due to degenerative disc disease, chronic lower back pain, and numbness in both legs. (Tr. 91, 276-289, 308, 312). An administrative hearing was held on June 18, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 86-115).

By written decision dated October 18, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – chronic low back pain syndrome and degenerative disc disease of the lumbar spine with

1

radiculopathy into left lower extremity. (Tr. 55). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 55). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. §§ 404.l567(b) and 416.967(b). (Tr. 56). With the help of the vocational expert (VE), the ALJ determined that Plaintiff would not be able to perform any past relevant work. (Tr. 60). The ALJ concluded that Plaintiff was not disabled during the relevant time period, pursuant to 204.00 of the Medical-Vocational Guidelines. (Tr. 61).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information, and denied that request on February 11, 2015. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the

record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See

3

20 C.F.R. §§ 404.1520, 416.920  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §§ 404.1520, 416.920, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.  Discussion:

Plaintiff raises the following issues in this matter: 1) The ALJ erred in his credibility analysis; and 2) The ALJ erred in his RFC determination because he failed to give sufficient reasons for dismissing Dr. Ronald Tilley's opinion. (Doc. 11).

#### A. Credibility Analysis:

Plaintiff argues that no credibility finding was made in this case that passes either the strict method or the relaxed standard, and that the ALJ did not set forth the inconsistencies that led to his conclusion. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Tr. 57-58). The ALJ discussed Plaintiff's daily activities, acknowledging that Plaintiff reported he was limited in his daily activities. (Tr. 56-57). The ALJ addressed Plaintiff's Function Report, completed in January of 2013, wherein Plaintiff indicated he was able to fix simple foods that did not require standing for long periods, but needed help with showering and dressing, because of his inability to bend over. He also noted that Plaintiff reported that he was able to mow his 3-acre yard with a riding lawnmower, but it took him four days, due to pain and need for frequent breaks. (Tr. 57). The ALJ reported that Plaintiff indicated he used a walker or a cane at times, due to loss of balance/falling and weakness/numbness in his legs. (Tr. 57).

The ALJ also addressed all of the medical records, noting that a 2007 MRI revealed no compression fractures or herniated nucleus pulposus, and the central canal and neuroforamina were widely patent bilaterally. (Tr. 58). The ALJ noted that when Plaintiff's accident occurred in September of 2011, lumbar x-rays revealed minimal relative narrowing of the L4-L5 disc space, but no other abnormalities. (Tr. 58, 392). The ALJ discussed the fact that a MRI of the lumbar spine conducted in August of 2012 revealed mild L1-L2 and mild to moderate L5-S1 discogenic degenerative changes, but no lumbar spine central canal or neuroforaminal stenosis. (Tr. 58). The ALJ noted that one of Plaintiff's treating physicians, Dr. Green, had not recommended any back surgery, and that Dr. Ronald Tilley began seeing Plaintiff in September of 2012, when Plaintiff was diagnosed with lumbosacral radiculopathy, chronic pain syndrome, sacroiliac joint degeneration, and a long history of

5

prescription use. (Tr. 59). The ALJ specifically stated that he did not discount the fact that Plaintiff did have pain, but stated that the inability to work without some pain or discomfort was not a sufficient reason to find Plaintiff disabled. (Tr. 60).

The Court notes that no surgery was recommended, and Plaintiff's treating physicians only instructed Plaintiff not to do any heavy lifting, to avoid bed rest, and to maintain his normal activities. (Tr. 399, 411, 530, 533, 540). In addition, only conservative treatment was recommended, which militates against a finding of total disability. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999)(lack of physician-imposed restrictions militates against a finding of total disability); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001). In addition, although Plaintiff indicated that he was unable to afford to have some of the conservative procedures done because he could not afford them, Plaintiff was somehow able to afford to smoke one pack of cigarettes per day, which discredits his disability allegations. See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003). Finally, although the ALJ did not specifically cite to the Polaski case, he nevertheless discussed the factors that are required to be considered under Polaski. See Myers v. Colvin, 721 F.3d 521, 527 (8th Cir. 2013)(holding the ALJ "was not required to discuss each factor's weight in the credibility calculus").

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

### B.  Additional Evidence Before the Appeals Council:

The Court notes that the transcript in this case contains medical records that are dated after the ALJ's decision. The Appeals Council considered said records, stating that because the ALJ decided Plaintiff's case through October 18, 2013, the new information is about a later time and therefore did not affect the decision about whether Plaintiff was disabled

6

beginning on or before October 18, 2013. (Tr. 2).  "[T]he Appeals Council must consider evidence submitted with a request for review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995)(quoting Williams v. Sullivan, 905 F.2ds 214, 216-17 (8th Cir. 1990). "An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later acquired disabilities or subsequent deterioration of a previously non-disabling condition." Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir. 1997).  In addition, "[a]dditional evidence showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a material basis for remand, although it may be grounds for a new application for benefits." Id.

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial

hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

A review of the new evidence leads the Court to conclude that the ALJ would not have reached a different result had the evidence been before him. On February 14, 2014, a MRI was performed, which revealed no significant change from August 15, 2012, similar L1-L2 and L5-S1 discogenic degenerative changes, and no lumbar spine central canal or neuroforaminal stenosis. (Tr. 591).

### C.  RFC Determination:

Plaintiff argues that the ALJ dismissed Dr. Tilley's opinion without giving sufficient reasons for doing so, and that his opinions are consistent with the overall record.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Gilliam's v. Barnhart, 3 93 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.  "The ALJ is permitted to base its RFC determination on 'a non-examining physician's

8

opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

With respect to weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be supported by medically acceptable clinical and diagnostic techniques, and must be consistent with other substantial evidence in the record." Andrews v. Colvin, No. 14-3012, 2015 WL 4032122 at *3 (8th Cir. July 2, 2015)(citing Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014). "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Id. "In either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Id

In his decision, the ALJ discussed the functional capacity questionnaire completed by Dr. Tilley in October of 2012, wherein he limited Plaintiff to standing/walking no more than three hours in an 8-hour workday and sitting no more than four hours in an 8-hour workday. (Tr. 59). Dr. Tilley also found Plaintiff suffered from limitations with lifting/carrying, stooping or crouching, and occasional handling. (Tr. 388). Contrary to Plaintiff's contention, the ALJ did not dismiss Dr. Tilley's opinion. Instead, he gave it some weight, but found that the severity of limitations was inconsistent with the other medical evidence of record or Plaintiff's own testimony. (Tr. 59). The Court agrees. Throughout Plaintiff's medical records, he is advised to avoid an underactive lifestyle; participate in an exercise regimen; and

9

maintain normal activities and avoid bed rest. (Tr. 399, 412, 426, 485, 489, 538, 540, 567, 569). In addition, the x-rays and MRIs of Plaintiff's lumbar spine do not show more than moderate abnormalities. Finally, when Dr. Tilley completed the checklist form dated October 2, 2012, he had only seen Plaintiff two times, beginning on September 20, 2012, and subsequent thereto, Dr. Tilley advised Plaintiff against bed rest and to maintain normal activities. (Tr. 388, 530, 533, 535, 538).

The Court finds that based upon the foregoing, as well as for those reasons given in Defendant's brief, there is substantial evidence to support the weight the ALJ gave to Dr. Tilley's opinion and to support his RFC.

**IV.　Conclusion**:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 14th day of June, 2016.

　　　　　　　　　　　　　　　　　　　　/s/ *Erin L. Setser*
　　　　　　　　　　　　　　　　　　　　HONORABLE ERIN L. SETSER
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE